UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-881-G |
| | ) |
| SAFECO INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is the Motion to Dismiss (Doc. No. 35) filed by Defendant Safeco Insurance Company of America. For the reasons stated below, the Motion is GRANTED.

*I.   Background*

Plaintiff Mark Reed initially filed this civil lawsuit against Safeco on July 28, 2020. On June 14, 2021, Plaintiff's counsel filed a Notice of Death (Doc. No. 28), representing that Plaintiff had passed away on April 10, 2021. In the Notice of Death, Plaintiff's counsel requested the 90-day period prescribed by Federal Rule of Civil Procedure 25(a)(1) to allow Plaintiff's family to determine whether to seek substitution in this matter. *See id.* at 1; Fed. R. Civ. P. 25(a)(1).

On August 31, 2021, the Court entered an Order staying all outstanding motions and deadlines pending resolution of substitution or lack of substitution pursuant to Rule 25(a)(1). *See* Order of Aug. 31, 2021 (Doc. No. 30). On November 10, 2021, Plaintiff's counsel filed a Status Report (Doc. No. 32), in which he detailed his many communications

and attempted communications with Plaintiff's son and sole known heir, Hunter Reed. The Court then ordered Plaintiff's counsel to serve Hunter Reed with the Notice of Death by publication and "to take any other reasonable steps to locate and serve Hunter Reed in accordance with Rule 25(a)(3)." Order of Nov. 17, 2021 (Doc. No. 33) at 2; *see* Fed. R. Civ. P. 25(a)(3) (prescribing that a Rule 25(a)(1) notice of death must be served in accordance with Federal Rule of Civil Procedure 4).

On January 17, 2022, Plaintiff's counsel filed a Report (Doc. No. 34) regarding his efforts to serve Hunter Reed, advising that: he had attempted to serve Hunter Reed by publication, certified mail, and regular mail; no person had responded to the published notices; Hunter Reed has actual notice of the existence of this lawsuit; and Plaintiff's counsel was unaware of any additional successors of Plaintiff or other possible methods to notify any successor. *See id.* at 1-3.

II.   Discussion

Defendant now seeks dismissal of this action, noting Plaintiff's counsel's multiple efforts to serve Hunter Reed and the lack of any Rule 25(a) motion for substitution or request for extension of time to file such a motion. *See* Def.'s Mot. to Dismiss (Doc. No. 35) at 1. Plaintiff's counsel has responded (Doc. No. 36), explaining that he has had no further relevant communications with any family member of Plaintiff and that he would seek to withdraw from this matter.

Rule 25(a)(1) of the Federal Rules of Civil Procedure prescribes:

**(a) Death.**

> ***(1) Substitution if the Claim Is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Having considered the relevant record, specifically Plaintiff's counsel's service efforts and the lack of any motion to substitute a new plaintiff within the 90-day period allowed by Rule 25(a)(1), the Court concludes that dismissal is required pursuant to that Rule. *See id.*; *see also Davis v. GEO Grp. Corr., Inc.*, No. CIV-16-462-PRW, 2021 WL 1090711, at *2 (W.D. Okla. Mar. 22, 2021).

## CONCLUSION

Defendant's Motion to Dismiss (Doc. No. 35) therefore is GRANTED. This action is DISMISSED WITHOUT PREJUDICE.

A separate judgment shall be entered.

IT IS SO ORDERED this 27th day of September, 2023.

*[signature]*
CHARLES B. GOODWIN
United States District Judge